UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDREA A. QUINN,

                Plaintiff,

v.                                                                                    **DECISION AND ORDER**
                                                                                      17-CV-1287S

KEVIN M. CARTER,
*Family Court Judge, Erie County, State of New York,*

                Defendant.

## I. INTRODUCTION

In this civil rights action brought under 42 U.S.C. § 1983, plaintiff Andrea A. Quinn alleges that Defendant Kevin M. Carter, a sitting family court judge, violated her due process rights by demonstrating undue prejudice against her in a child-custody proceeding.

Presently before this Court is Judge Carter's motion to dismiss Quinn's complaint in its entirety under Rule 12 (b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (Docket No. 3.) With briefing fully completed and oral argument deemed unnecessary, this Court will grant Judge Carter's motion and dismiss Quinn's complaint.

## II. BACKGROUND

The following facts, drawn from Quinn's complaint, are assumed true for purposes of assessing the motion to dismiss. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

Quinn was a litigant in child-custody proceedings before Judge Carter, during which Judge Carter showed overt bias toward her son's father and undue prejudice

against her. (Complaint, Docket No. 1, ¶¶ 6, 8.)

Quinn first appeared before Judge Carter in August 2013, at which time she discovered that Judge Carter had ruled against her in an *ex parte* proceeding and had held her in default. (Id. at ¶ 8.)

Quinn next appeared before Judge Carter for a hearing of some sort on October 22, 2013. (Id. at ¶ 9.) While Quinn was on the witness stand, Judge Carter "went on a rampage" and questioned the intelligence of her female attorney and stated that the attorney was trying to run things "as they all do." (Id.) In addition, Judge Carter changed "recommendations and rulings" that he had made in August and warned Quinn that if she challenged his previous *ex parte* order, he would make things worse for her. (Id.)

Quinn next appeared in March 2014, after she filed a petition and order to show cause concerning her child's father transporting him without a car seat. (Id. at ¶ 10.) Rather than address the safety issue concerning the car seat, which Judge Carter disbelieved, Judge Carter threatened Quinn with 15 days' jail and restricted her visits with her son to weekends only for nine weeks. (Id. at ¶¶ 10, 18.) Judge Carter also commented that "Oh, your son's father had to pay an attorney, but you have an attorney paid by the Erie County taxpayers," which Quinn maintains is evidence of insensitivity toward mothers. (Id. at ¶ 18.)

Based on these allegations,[1] Quinn asserts two causes of action. First, she

---

1 Quinn's complaint also contains allegations pertaining to Judge Carter's conduct in other cases that she says demonstrates the differential treatment he affords male and female litigants. (Complaint, ¶¶ 12, 13, 17, 19, 20, 21.) Because these allegations do not involve Quinn, they are not recounted here.

seeks damages for Judge Carter's denial of her due process rights. (Id. at ¶¶ 6-10.) Second, she seeks the issuance of a temporary restraining order enjoining Judge Carter from "unconstitutional acts and actions" and from hearing any petitions filed by Quinn. (Id. at ¶ 23.)

Plaintiff instituted this action on December 11, 2017, by filing a complaint in the United States District Court for the Western District of New York. (Docket No. 1.) Judge Carter filed the instant Motion to Dismiss on January 19, 2018. (Docket No. 3.) Plaintiff responded in opposition on February 1, 2018. Judge Carter filed a reply on February 5, 2018.

## III. DISCUSSION

Judge Carter asserts five grounds for dismissal of Quinn's complaint: (1) the claims are barred by the applicable statute of limitations; (2) the claims are barred by judicial immunity; (3) the claims are barred by the domestic-relations exception to subject-matter jurisdiction; (4) the Younger abstention doctrine prohibits the exercise of jurisdiction; and (5) the Rooker-Feldman doctrine prohibits the exercise of jurisdiction. Because this Court easily finds that Quinn's claims fall outside the statute of limitations and are barred by judicial immunity, it need not address the remaining grounds for dismissal.

### A. Rule 12 (b)(6) Standard

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8 (a)(2). But the plain statement must "possess enough heft to show that the

pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, 493 F.3d at 98. Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 556 U.S. at 678. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; Fed. R. Civ. P. 8 (a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This

4

examination is context specific and requires that the court draw on its judicial experience and common sense. See Iqbal, 556 U.S. at 679. First, statements that are not entitled to the presumption of truth, such as conclusory allegations, labels, and legal conclusions, are identified and stripped away. See id. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id.

If it appears from the face of the complaint that a cause of action has not been brought within the applicable statute of limitations period, the defense of limitations "may be raised in a pre-answer motion pursuant to Fed. R. Civ. P. 12 (b)(6)." Santos v. Dist. Council of New York City, 619 F.2d 963, 967 n.4 (2d Cir. 1980); Ghartley v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989).

**B.  Statute of Limitations**

The statute of limitations for a § 1983 claim is "that which the State provides for personal-injury torts." Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). In New York, that statute of limitations is three years. See Berman v. Perez, No. 17-CV-2757 (JGK), 2018 WL 565269, at *2 (S.D.N.Y. Jan. 24, 2018) (citing Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013), in turn citing N.Y. C.P.L.R. § 214).

Quinn filed her complaint on December 11, 2017. (Docket No. 1.) Consequently, any claims pre-dating December 11, 2014 are time-barred. The latest incident involving Judge Carter that Quinn alleges in her complaint took place in March

2014, which falls outside the 3-year limitations period. (Complaint, ¶ 18.) Consequently, Quinn's complaint must be dismissed on statute of limitations grounds.[2] Even if timely, however, absolute judicial immunity bars Quinn's claims.

## C. Absolute Judicial Immunity

"'[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Mireles v. Waco, 502 U.S. 9, 9-10, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991) (quoting Bradley v. Fisher, 80 U.S. 335, 13 Wall. 335, 20 L. Ed. 646 (1872)). Thus, "[judicial] immunity applies even when the judge is accused of acting maliciously and corruptly." Imbler v. Pachtman, 424 U.S. 409, 419 n.12, 96 S. Ct. 984, 990, 47 L. Ed. 2d 128 (1976) (citing Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 1218, 18 L. Ed. 2d 288 (1967)); see also Stump v. Sparkman, 534 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (immunity is not lost where judge acted in error, maliciously or in excess of his authority). Judges performing judicial acts are therefore entitled to absolute immunity, which, like other forms of official immunity, is immunity from suit, not just from the ultimate assessment of damages. Mitchell v. Forsythe, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985). Absolute judicial immunity shields judges from all civil

---

2 As part of her opposition to Judge Carter's motion, Quinn filed a 5-page affidavit in which she discusses further acts by Judge Carter that would fall within the applicable statute of limitations period. Courts generally do not, however, consider new factual assertions in an affidavit submitted in opposition to a motion to dismiss, and this Court finds no reason to do so here, where Quinn is represented by counsel. See Faulkner v. Beer, 463 F.3d 130, 134 n. 1 (2d Cir. 2006.). This affidavit is therefore excluded from consideration. See Fed. R. Civ. P. 12 (d). And as noted, even if timely, Quinn's claims are barred by the doctrine of absolute judicial immunity.

suits for damages, including suits under § 1983. See Turner v. Boyle, 116 F. Supp. 3d 58, 81-82 (D.Conn. 2015).

There are only two circumstances in which judicial immunity can be overcome: (1) a judge is not immune from liability for actions taken outside his or her judicial capacity; and (2) a judge is not immune from actions that, although judicial in nature, are taken in the complete absence of jurisdiction. Mireles, 502 U.S. at 11-12 (citations omitted).

And absolute judicial immunity not only bars civil suits for damages, but extends to bar claims for injunctive relief as well. Under 1996 amendments to § 1983, injunctive relief is unavailable against judges for actions taken in their judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999).

Here, accepting the allegations in the complaint as true, each of the actions Judge Carter is alleged to have taken occurred within his judicial capacity while presiding over Quinn's child-custody proceedings. There are no allegations that Judge Carter acted outside of his judicial capacity or acted in the complete absence of jurisdiction. Further, there are no allegations that Judge Carter acted in violation of a declaratory decree or that declaratory relief was unavailable. Judge Carter is therefore entitled to absolute judicial immunity. Quinn's complaint is therefore dismissed on that ground.

## IV. CONCLUSION

Based on the foregoing, this Court finds that Quinn's claims are barred by the 3-year statute of limitations, and, in any event, are barred because Judge Carter is clearly entitled to absolute judicial immunity. Judge Carter's motion to dismiss is therefore

granted.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 3) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: May 10, 2018
       Buffalo, New York

                                               <u>/s/William M. Skretny</u>
                                               WILLIAM M. SKRETNY
                                             United States District Judge